# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC.; A&E TELEVISION NETWORKS, LLC; C-SPAN; CBS CORP.; DISCOVERY, INC.; DISNEY ENTERPRISES, INC.; FOX CABLE NETWORK SERVICES, LLC; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND SPORTS NETWORK, LP; and VIACOM INC., <br><br>                Plaintiffs, <br><br> v. <br><br> JANET MILLS, in her official capacity as the Governor of Maine; AARON FREY, in his official capacity as the Attorney General of Maine; the CITY OF BATH, MAINE; the TOWN OF BERWICK, MAINE; the TOWN OF BOWDOIN, MAINE; the TOWN OF BOWDOINHAM, MAINE; the TOWN OF BRUNSWICK, MAINE; the TOWN OF DURHAM, MAINE; the TOWN OF ELIOT, MAINE; the TOWN OF FREEPORT, MAINE; the TOWN OF HARPSWELL, MAINE; the TOWN OF KITTERY, MAINE; the TOWN OF PHIPPSBURG, MAINE; the TOWN OF SOUTH BERWICK, MAINE; the TOWN OF TOPSHAM, MAINE; the TOWN OF WEST BATH, MAINE; and the TOWN OF WOOLWICH, MAINE; <br><br>                Defendants. | Case No. 1:19-cv-00410-NT <br><br> **INJUNCTIVE RELIEF SOUGHT** |

## PLAINTIFFS' MOTION TO EXPEDITE THE BRIEFING AND ARGUMENT SCHEDULE WITH RESPECT TO MOTION FOR PRELIMINARY INJUNCTION

NOW COME Plaintiffs, through their undersigned counsel, who hereby move to expedite the briefing and argument schedule with respect to their contemporaneously filed Motion for Preliminary Injunction. In further support thereof, Plaintiffs state as follows:

## **INTRODUCTION**

This case involves a challenge to H.P. 606 – L.D. 832, entitled "An Act to Expand Options for Consumers of Cable Television in Purchasing Individual Channels and Programs" ("L.D. 832"). L.D. 832, which became law on June 15, 2019 and is scheduled to take effect on September 19, 2019, requires cable operators to offer all channels and programs on an "à la carte" basis. 129 Pub. L. Ch. 308 (2019).

Plaintiffs filed their Complaint (ECF No. 1) on September 6, 2019, seeking a declaratory judgment that L.D. 832 is unenforceable because it is preempted by federal law, and violates the First Amendment to the U.S. Constitution. Plaintiffs' Complaint also requests permanent injunctive relief against Defendants, in the form of an order enjoining them from enforcing or otherwise giving effect to L.D. 832.

Contemporaneously with the filing of this Motion, Plaintiffs have filed a Motion for Preliminary Injunction (ECF No. 14) (the "PI Motion"). Through the PI Motion, Plaintiffs seek to maintain the decades-old status quo by obtaining a preliminary injunction to prevent Defendants from implementing or enforcing L.D. 832 pending the resolution of this action. The purpose of the instant Motion is to request an expedited briefing and argument schedule with respect to the PI Motion, given that L.D. 832 is scheduled to take effect on September 19, 2019, well before the PI Motion would be resolved in the ordinary course.

## ARGUMENT

Local Rule 7 generally provides for the deadlines associated with motions, oppositions, and replies. *See* D. Me. Local R. 7(a)-(c). In the normal course, a non-movant has 21 days to file its opposition to a motion. *Id.* R. 7(b). The movant then has an additional 14 days to file a reply memorandum in support of its motion. *Id.* R. 7(c). Therefore, under Local Rule 7's standard deadlines, fully briefing the PI Motion could take as long as 35 days from its filing. As L.D. 832 is scheduled to take effect on September 19, 2019, the result of this standard timeline would be to subject Plaintiffs to potential enforcement of the law's unconstitutional mandate for nearly a month—if not longer—pending a final resolution of the PI Motion.

Notwithstanding the general deadlines set forth in Local Rule 7, courts have the inherent authority to control their own dockets in the interest of the "prompt and efficient administration of justice." *See United States v. Huguenin*, 950 F.2d 23, 29 (1st Cir. 1991). In this case, an expedited briefing and argument schedule is warranted given the irreparable harm that Plaintiffs would suffer if they were subject to the actual or threatened enforcement of L.D. 832 before the Court has had the opportunity to rule on the PI Motion. Indeed, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). And "[a] party may be irreparably injured in the face of the threatened enforcement of a preempted law." *Arcadian Health Plan, Inc. v. Korfman*, Case No. 1:10-CV-322-GZS, 2010 WL 5173624, at *8 (D. Me. Dec. 14, 2010) (Rep. & Rec.); *see also* PI Motion (ECF No. 14) at pp. 15-16.

Plaintiffs, through counsel, have been in contact with the Office of the Maine Attorney General to discuss a possible agreement that would obviate the need for an expedited briefing schedule by stipulating to a limited non-enforcement commitment to allow for a decision on the

PI Motion after L.D. 832 takes effect. Such discussions have not been successful to date. Plaintiffs have also notified the Office of the Maine Attorney General about the instant Motion to Expedite, and understand that the Office of the Maine Attorney General will oppose, barring an agreement on an alternative briefing schedule. Plaintiffs will continue to maintain an open dialogue with the Office of the Maine Attorney General about these issues and will promptly notify the Court if any stipulation is reached that would render this expedition request moot.

In light of the foregoing, Plaintiffs respectfully request that the Court enter an expedited briefing and argument schedule as follows: (1) Defendants to file their oppositions, if any, to the Injunction Motion by September 16, 2019; (2) Plaintiffs to file their reply memorandum, if any, by September 17, 2019; and (3) oral argument, if any, to occur on September 18, 2019, or as soon thereafter as the Court's schedule can accommodate.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court **GRANT** the within Motion and enter an expedited briefing and argument schedule as set forth above.

Dated: September 11, 2019                    Respectfully submitted,

*/s/ Joshua A. Tardy*
Joshua A. Tardy
Joshua A. Randlett
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 1401
jtardy@rudmanwinchell.com
jrandlett@rudmanwinchell.com

*Attorneys for Plaintiffs*

Matthew A. Brill*
Matthew T. Murchison*
LATHAM & WATKINS LLP

3

       555 Eleventh Street, NW, Suite 1000
       Washington, D.C. 20004-1304
       matthew.brill@lw.com
       matthew.murchison@lw.com

*Attorneys for Plaintiffs*

David P. Murray*
Michael D. Hurwitz*
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006-1238
dmurray@willkie.com
mhurwitz@willkie.com

*Attorneys for Plaintiffs Comcast of Maine/New Hampshire, Inc. and NBCUniversal Media, LLC*

\* pro hac vice certification pending

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document entitled *Motion to Expedite Briefing and Argument Schedule With Respect to Motion for Preliminary Injunction* via the Court's CM/ECF system, which will serve a copy of same upon all counsel of record.

DATED: September 11, 2019

       /s/ *Joshua A. Randlett*
       Joshua A. Randlett, Esq.