UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JANET MILLS, in Her Official Capacity as the Governor of the State of Maine, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO.: 1:19-cv-00410-NT |

### OPPOSITION OF STATE DEFENDANTS'[1] TO PLAINTIFFS' MOTION TO EXPEDITE THE BRIEFING AND ARGUMENT WITH RESPECT TO MOTION FOR PRELIMINARY INJUNCTION

On June 15, 2019, the State of Maine enacted a law requiring cable system operators to offer subscribers the option of purchasing individual cable channels and programs.  *See* Me. P.L. 2019, ch. 308 – "An Act to Expand Options for Consumers of Cable Television in Purchasing Individual Channels and Programs" (referred to herein as the "Act").  On September 6, 2019, one cable system operator – Comcast of Maine/New Hampshire ("Comcast") – along with various programming providers filed a 52-page complaint challenging the constitutionality of the Act.[2] According to plaintiffs, the Act is preempted by the federal Communications Act of 1934 and violates their First Amendment rights.[3]

---

[1] The State Defendants are the Governor and the Attorney General, who are both sued in their official capacities.

[2] In addition to the State Defendants, the plaintiffs sued the cities and towns of Bath, Berwick, Bowdoin, Bowdoinham, Brunswick, Durham, Eliot, Freeport, Harpswell, Kittery, Phippsburg, South Berwick, Topsham, West Bath, and Woolwich.  These are apparently the municipalities in Maine where Comcast provides cable television services.  Complaint, ¶¶ 26-40.

[3] Plaintiffs make the apparently novel claim that they have a First Amendment right to condition the purchase of one channel or program on a subscriber purchasing various additional channels or programs. Complaint, ¶¶ 74-76.

Today, plaintiffs filed a preliminary injunction motion seeking to enjoin the defendants from enforcing the Act.  The plaintiffs correctly note that the Act will take effect on September 19, 2019,[4] and they ask the Court to expedite briefing and oral argument on the preliminary injunction motion so that it is decided before the Act takes effect.  Specifically, they ask the Court to order the defendants to file their opposition briefs by September 16 and the plaintiffs to file their reply brief by September 17, and they ask that oral argument, if any, take place on September 18 "or as soon thereafter as the Court's schedule can accommodate."  Motion to Expedite, at 3.

The motion for expedited briefing should be denied and instead the briefing deadlines set forth in Local Rule 7 should apply.  The plaintiffs have created their own emergency by waiting until the eve of the Act becoming effective to file this lawsuit, and they should not now be permitted to use their own inexplicable delay to deprive the defendants of adequate time to respond to the preliminary injunction motion or prevent the Court from having sufficient opportunity to fully consider and analyze the legal issues involved.  *See League of Women Voters v. Diamond*, 923 F. Supp. 266, 275 (D. Me. 1996) (concluding that the fact that "Plaintiffs helped create the situation necessitating preliminary injunctive relief by their delay in bringing the action" was a factor in favor of denying injunctive relief); *see also Animal Welfare Inst. v. Martin*, 588 F. Supp.2d 70, 94 (D. Me. 2008) (while doctrine of laches did not bar preliminary injunction motion, plaintiffs' delay in filing the motion until less than a month before the start of the trapping serious was "curious").

---

[4] Pursuant to Maine's Constitution, non-emergency laws take effect 90 days after the recess of the Legislature in which it was passed.  Me. Const., Art. IV, Pt. Third, § 16.  The First Regular Session of the 129th Legislature adjourned sine die on June 20, 2019.

As noted above, the Act passed into law on June 15, 2019. There was nothing preventing the plaintiffs from filing the present lawsuit at any time after then. While certainly a complaint cannot be drafted overnight, the plaintiffs have had months to work on it. Moreover, the plaintiffs were not starting from scratch. The Act was introduced as L.D. 832 and referred to the Energy Utilities and Technology Committee. On March 5, 2019, a representative of Comcast testified before the Committee that the bill was "preempted by federal law and therefore illegal." *See* Testimony of C. Hodgon;[5] *see also* Complaint, ¶ 58. Presumably, the Comcast representative would not have so testified unless Comcast's legal team had already conducted a preemption analysis. Moreover, the plaintiffs are represented by at least ten attorneys. Five attorneys from Latham & Watkins in D.C., three attorneys from Willkie Farr & Gallagher in D.C., and two attorneys from Rudman & Winchell in Bangor have already entered appearances in this matter.

In sum, the plaintiffs had ample time and resources to have timelier filed their lawsuit and preliminary injunction motion such that a normal briefing schedule would have allowed the motion to be decided well before the Act becomes effective. The preemption issues presented in plaintiffs' motion warrant careful and thoughtful consideration, both by the defendants and the Court. The plaintiffs have been considering these issues since at least March 2019, when Comcast testified that the Act is preempted. The plaintiffs are arguing that a law duly enacted by Maine's Legislature is unconstitutional, and they seek the extraordinary relief of enjoining the Attorney General from enforcing it. This matter warrants careful and thoughtful consideration. The defendants should be given adequate time to research and brief the issues, and the Court should have time to evaluate the parties' arguments and render a decision. The plaintiffs should

---

[5] *Available at* http://www.mainelegislature.org/legis/bills/getTestimonyDoc.asp?id=96833.

not be allowed to use their undue delay to force the defendants and the Court to rush on this important matter. Plaintiffs' motion for an expedited briefing schedule should be denied.

DATED: September 11, 2019  Respectfully submitted,

AARON M. FREY
Attorney General

/s/ Christopher C. Taub
Christopher C. Taub, Asst. Atty. Gen.
Christopher.C.Taub@maine.gov
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 11th day of September, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

MATTHEW A. BRILL
matthew.brill@lw.com

RICHARD H. GRIFFIN
richard.griffin@lw.com

MICHAEL H. HERMAN
michael.herman@lw.com

MATTHEW T. MURCHISON
matthew.murchison@lw.com

JOSHUA A. RANDLETT
jrandlett@rudmanwinchell.com

JESSICA L. SABA
jessica.saba@lw.com

JOSHUA A. TARDY
jtardy@rudmanwinchell.com

/s/ Christopher C. Taub
CHRISTOPHER C. TAUB
Assistant Attorney General
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145