IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC.; A&E TELEVISION NETWORKS, LLC; C-SPAN; CBS CORP.; DISCOVERY, INC.; DISNEY ENTERPRISES, INC.; FOX CABLE NETWORK SERVICES, LLC; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND SPORTS NETWORK, LP; and VIACOM INC.,<br><br>                Plaintiffs,<br><br>   v.<br><br>JANET MILLS, in her official capacity as the Governor of Maine; AARON FREY, in his official capacity as the Attorney General of Maine; the CITY OF BATH, MAINE; the TOWN OF BERWICK, MAINE; the TOWN OF BOWDOIN, MAINE; the TOWN OF BOWDOINHAM, MAINE; the TOWN OF BRUNSWICK, MAINE; the TOWN OF DURHAM, MAINE; the TOWN OF ELIOT, MAINE; the TOWN OF FREEPORT, MAINE; the TOWN OF HARPSWELL, MAINE; the TOWN OF KITTERY, MAINE; the TOWN OF PHIPPSBURG, MAINE; the TOWN OF SOUTH BERWICK, MAINE; the TOWN OF TOPSHAM, MAINE; the TOWN OF WEST BATH, MAINE; and the TOWN OF WOOLWICH, MAINE;<br><br>                Defendants. | Case No. 1:19-cv-00410-NT<br><br>**INJUNCTIVE RELIEF SOUGHT** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXPEDITE THE BRIEFING AND ARGUMENT SCHEDULE WITH RESPECT TO MOTION FOR PRELIMINARY INJUNCTION**

      Plaintiffs respectfully submit this Reply in response to the State Defendants' Opposition to Motion to Expedite (ECF No. 16) ("Opposition"). Contrary to the State Defendants'

arguments, the expedited briefing schedule that Plaintiffs have proposed is necessary to prevent irreparable harm and justified in these circumstances.

The State Defendants overlook the reality that the need for urgency stems from the State's enactment of a radical and unprecedented legislative mandate, H.P. 606 – L.D. 832 ("L.D. 832"), that not only is blatantly unlawful and would cause a variety of irreparable harms to Plaintiffs and the public, but has an effective date (September 19, 2019) that allows no meaningful opportunity for Plaintiffs to attempt to comply and provided little time to prepare a legal challenge.[1]  Notably, the State contemporaneously enacted other legislation that it understood would require substantial time to implement and was likely to be challenged, *see* S.P. 275 – L.D. 946, "An Act To Protect the Privacy of Online Customer Information," and accordingly delayed its effective date until more than a year after enactment (with an enactment date of June 6, 2019 and an effective date of July 1, 2020).  Yet L.D. 832 would upend decades of settled practices and effectively require the entire cable television industry to implement far-reaching contractual and operational changes in a matter of a few months.

Given the extraordinary irreparable harms at stake, the impending effectiveness of L.D. 832 would have justified a request for a temporary restraining order on an ex parte basis.  But Plaintiffs instead filed their Motion for Preliminary Injunction to give Defendants a reasonable opportunity to respond, while still enabling the Court to render a decision before L.D. 832 takes effect.  By contrast, the State Defendants' proposal that briefing extend well beyond the effective

---

[1] The State Defendants' objection that Plaintiffs should have filed their Complaint earlier is unfounded.  Plaintiffs' filing of their Complaint last week, approximately two weeks before L.D. 832 is scheduled to take effect, was reasonable.  Plaintiffs, who are primarily national media companies that operate primarily outside Maine, proceeded promptly after becoming aware of the legislation to study its potential effects, coordinate with similarly situated parties, retain counsel, and prepare a complaint that sufficiently addresses the legislation's many legal defects and threatened harms.

date of L.D. 832 would impose the very irreparable harm that Plaintiffs' Motion for Preliminary Injunction is designed to avoid.

That position is all the more unreasonable given Plaintiffs' offer to stipulate to a longer briefing schedule in exchange for Defendants' agreement not to take enforcement action while the Motion for Preliminary Injunction remains pending.  Especially considering that L.D. 832 would depart from decades of settled industry practices, Defendants' apparent unwillingness to maintain the status quo by committing not to take enforcement action for a few weeks while the Court considers Plaintiffs' motion is surprising.  Plaintiffs remain willing to stipulate to a reasonable schedule if they are protected from harm, but, absent such an agreement, submit that the expedited briefing schedule that will allow the Court to decide the Motion for Preliminary Injunction by September 19 is plainly justified.

Plaintiffs look forward to discussing these issues at the upcoming conference with the Court.  *See* ECF No. 17.

Dated: September 12, 2019

Respectfully submitted,

*/s/ Joshua A. Tardy*
Joshua A. Tardy
Joshua A. Randlett
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 04401
jtardy@rudmanwinchell.com
jrandlett@rudmanwinchell.com

***Attorneys for Plaintiffs***

Matthew A. Brill*
Matthew T. Murchison*
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304

matthew.brill@lw.com
matthew.murchison@lw.com

*Attorneys for Plaintiffs*

David P. Murray*
Michael D. Hurwitz*
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006-1238
dmurray@willkie.com
mhurwitz@willkie.com

*Attorneys for Plaintiffs Comcast of Maine/New Hampshire, Inc. and NBCUniversal Media, LLC*

\* pro hac vice certification pending

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the foregoing document entitled *Reply in Support of Motion to Expedite the Briefing and Argument Schedule with Respect to Motion for Preliminary Injunction* via the Court's CM/ECF system, which will serve a copy of same upon all counsel of record.

DATED: September 12, 2019

                                          /s/ *Joshua A. Randlett*
                                          Joshua A. Randlett, Esq.