# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

COMCAST OF MAINE/NEW    )
HAMPSHIRE, INC., et als.,     )
                                )
       Plaintiffs,       )
                                )
v.                              )
                                )    Civil Action No. 1:19-cv-000410-NT
STATE OF MAINE, et als.,       )
                                )
       Defendants      )

## DEFENDANTS TOWN OF KITTERY AND TOWN OF WEST BATH'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants Town of Kittery and Town of West Bath[1] (collectively the "Towns") hereby move to be dismissed as party-defendants because the Court lacks subject matter jurisdiction over Plaintiffs' claims against them.

## INTRODUCTION

Pursuant to the Complaint for Declaratory and Injunctive Relief (the "Complaint")[2], Plaintiffs have asked this Court to invalidate a new Maine law, "An Act

---

[1]     The legal name of Defendant Town of West Bath, Maine is the "Inhabitants of the Town of West Bath" because it does not have a charter provision that shortens its name, as Defendant Town of Kittery does. *See* 30-A M.R.S. § 2002 (the residents of a municipality are a body corporate that may sue and be sued); Kittery, Me., Charter § 1.01 (Nov. 7, 2017) ("The inhabitants of the Town of Kittery, within the limits as now established or as hereafter established in the manner provided by law, constitute a body politic and corporate by the name of the Town of Kittery… .").

[2]     The Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and does not limit the numbered paragraphs "as far as practicable to a single set of circumstances." Rather, the Complaint contains 53 pages of legal argument clothed in 112 separately numbered paragraphs, all of which legal argument is repeated in Plaintiffs' related Motion for Preliminary Injunction with Incorporated Memorandum of Law (ECF #14).

to Expand Options for Consumers of Cable Television in Purchasing Individual Channels and Programs" (the "Act"), P.L. 2019, ch. 308, requiring cable system operators such as Plaintiff Comcast of Maine/New Hampshire, Inc. ("Plaintiff Comcast Cable") to provide "à la carte" content to its subscribers. Compl. ¶¶ 1, 14. However, Plaintiffs have not alleged that any action taken, or anticipated to be taken, by either Town will cause Plaintiffs certain and cognizable injury. Instead, Plaintiffs presuppose that the mere ability of each Town, as a local cable television system franchise authority, to enforce the Act works an injury on Plaintiffs that is both sufficient and immediate enough to support this action. Compl. ¶ 67. As such, Plaintiffs' claims against the Towns are not ripe for adjudication. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the Towns, and the Towns must be dismissed as party-defendants pursuant to Fed. R. Civ. P. 12(b)(1).

## **FACTUAL BACKGROUND**

The Act became effective on September 19, 2019. Compl. ¶ 58. The Act contains a single sentence amendment to 30-A M.R.S. § 3008(3), providing that "a cable system operator shall offer subscribers the option of purchasing access to cable channels, or programs on cable channels, individually." Compl. ¶ 1. The Act does not require any municipal action, and it does not invalidate the terms of any existing cable franchise agreement. Instead, the Act simply requires cable companies operating in Maine— including Plaintiff Comcast Cable—to offer "à la carte" programming to customers, despite any requirements contained in an existing cable franchise agreement. *Id.* Plaintiffs do not complain of immediate harm caused by the Act's passage, but only of

potential injury that would be suffered in the event a hypothetical municipality were to enforce the Act's à la carte requirement against a cable operator. *Id.* ¶¶ 8-9.

## STANDARD OF REVIEW

The party invoking federal jurisdiction bears the burden of that its claims are ripe for adjudication. *Rhode Island Ass'n of Realtors v. Whitehouse*, 199 F.3d 26, 33 (1st Cir. 1999). For the purposes of review of a motion to dismiss for want of jurisdiction, the court will "accept as true all material allegations in the complaint and construe them in plaintiffs' favor." *Blum v. Holder*, 744 F.3d 790, 795 (1st Cir. 2014). However, "this tenet does not apply to 'statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory.'" *Id.* (quoting *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011)). Nor does this presumption apply to "allegations so speculative that they fail to cross the line between the conclusory and the factual." *Id.* (quoting *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)).

## ARGUMENT

**PLAINTIFFS' CLAIMS, AS THEY RELATE TO THE TOWNS, ARE NOT RIPE FOR ADJUDICATION, AND SO THIS COURT MUST DISMISS THE TOWNS AS PARTY-DEFENDANTS.**

The ripeness requirement derives from Article III of the United States Constitution, which grants the federal judiciary the power to hear "Cases" and "Controversies." U.S. Const. art. III, § 2. The ripeness doctrine precludes this Court from exercising jurisdiction over cases involving uncertain or contingent events that may not occur as anticipated or may not occur at all. *See Himes v. Johnson*, 772 F. Supp. 678, 680 (D. Me. 1991).

Cases involving hypothetical injury are not ripe for adjudication. *Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Foruño*, 699 F.3d 1, 8 (1st Cir. 2012); *see Reddy v. Foster*, 845 F.3d 493, 505 (1st Cir. 2017) (pre-enforcement challenge to a New Hampshire statute that had not been "activated or enforced since its enactment" three years earlier not ripe for review); *Coombs v. Town of Ogunquit*, 578 F. Supp. 1321, 1326 (D. Me. 1984) (challenge to development moratorium ordinance not ripe because property owner had not yet applied for any land use approvals); *Himes*, 772 F. Supp. at 679 (constitutional challenge to massage establishment licensing ordinance not ripe for review because plaintiff had not yet applied for a license).

The purpose of the ripeness doctrine is to prevent the federal courts from "entangling themselves in abstract disagreements over administrative policies . . . ." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). In determining whether a case is ripe for review, courts engage in a two-part inquiry to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149.

Under the first prong of the ripeness test, the Supreme Court has concluded that a matter is not ripe for judicial review where "it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). A matter is not ripe where it "involves uncertain events which may not happen at all." *City of Fall River v. FERC*, 507 F.3d 1, 6 (1st Cir. 2007); *see McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003) ("In the fitness

inquiry . . . prudential concerns focus on the policy of judicial restraint from unnecessary decisions."). The essential element of a ripeness inquiry is whether there is "hypothetical" or "speculative" injury at issue. *Id.* at 72.

Under the second prong of the ripeness test, "'[i]f the court's interest tends toward postponement, [the court] must then weigh this consideration against the immediate impact of the actions on the challengers, and whether that impact is so harmful that present consideration is warranted.'" *City of Fall River*, 507 F.3d at 6 (quoting *Midwestern Gas Transmission Co. v. Fed. Energy Reg. Comm'n*, 589 F.2d 603, 618 (D.C. Cir. 1978)).

Plaintiffs' claims, as they relate to the Towns, are not ripe for adjudication. Plaintiffs do not seek relief from an injury occasioned on them by the Towns, but instead ask this Court to overturn a law that provides municipalities with the ability to require a cable operator to comply with the Act's à la carte requirement. Plaintiffs ask this Court to invalidate municipal action that has not occurred, has not been contemplated, may never occur, and most importantly, has not been demonstrated to harm Plaintiffs in any way. In this regard, Plaintiffs merely speculate as to what may occur in the hypothetical case where one or more municipal defendants exercise their discretion to enforce the terms of the Act. Compl. ¶¶ 8-9. This is not an allegation of present injury, but an "abstract, conjectural [and] hypothetical injury" that may never come to pass. *Himes,* 772 F. Supp. at 679 (citing *Cunningham v. U.S. Dep't of Labor*, 670 F. Supp. 1062, 1064 (D. Me. 1987) (internal citation marks omitted)). In short, Plaintiffs' claims against the Towns fail both prongs of the ripeness test.

**1.** **Plaintiffs' claims against the Towns are not fit for judicial decision.**

It has been long-established that claims based on "contingent future events" are not ripe for adjudication because they "may not occur as anticipated, or indeed may not occur at all." *Reddy*, 845 F.3d at 500 (quoting *Texas*, 523 U.S. at 300). "Even a facial challenge to a statute is constitutionally unripe until a plaintiff can show that federal court adjudication would redress some sort of imminent injury that he or she faces." *Id.* at 501; *see also Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir. 1990) (finding plaintiff's RICO claim premature because alleged injury was contingent on events that may not occur as anticipated or may not occur at all); *Allendale Leasing, Inc. v. Stone*, 614 F. Supp. 1440, 1448 (D. R.I. 1985) (challenge to Rhode Island regulations governing bingo and beano not ripe because plaintiffs had not been injured by the new regulations).

These rules apply with particular force in the context of municipal regulation. Municipalities frequently adopt (or amend) land use ordinances or other regulations that have the potential to affect individuals or business entities in the future. Challenges to such ordinances are unripe unless and until a plaintiff has been directly (and adversely) affected by such an ordinance. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 516 (1975) (where plaintiffs made "no averment that any member has applied . . . for a building permit or a variance," challenge to zoning ordinance not ripe); *Himes*, 772 F. Supp. at 680 (challenge of a massage establishment licensing ordinance unripe because plaintiff had not applied for and been denied a license); *Coombs*, 578 F. Supp. at 1326 (challenge to a municipal subdivision ordinance was not ripe without a submittal of an application and subsequent denial of the same); *Hightower v. City of Boston*, 822 F. Supp. 2d 38, 39

(D. Mass. 2011) (challenge to municipal firearm regulation was not ripe until plaintiff applied for and was denied a concealed carry license). The same analysis applies in the context of the review and award of local cable franchises and their "contingent effects" on potential franchisees. *See Beach Comms., Inc. v. FCC*, 959 F.2d 975, 985 (D.C. Cir. 1992); *see also Liberty Cable Co. v. City of N.Y.*, 893 F. Supp. 191, 207 (S.D. N.Y. 1995) (applying *Beach* in a challenge to local cable franchising regulations).

Finding Plaintiffs' alleged injuries unfit for adjudication vis-à-vis the Towns is consistent with the case law that rejects the false premise that the mere potential for municipal regulation makes a matter ripe for judicial review. For example, in *Reddy*, plaintiffs challenged a New Hampshire law allowing the establishment of a buffer zone around facilities offering abortion services on First Amendment grounds. 845 F.3d at 496. Both the State of New Hampshire and a number of its municipalities were named as defendants. *Id.* at 495. However, even though local law enforcement officers could enforce these buffer zones—when and if they were established—municipalities were not granted any direct authority to enforce the law. *Id.* The United States District Court for the District of New Hampshire, and subsequently the First Circuit, deemed such claims unripe, because the possibility that enforcement of the law would cause the plaintiffs injury was simply too tenuous. *Id.* at 505 (quoting *Texas*, 523 U.S. at 302) ("In sum, we find it too speculative whether the problem the plaintiffs present will ever need solving.").

Likewise in *Himes*, 772 F. Supp. 678, and *Coombs*, 578 F. Supp. 1321, challenges of municipal licensing and land use ordinances were both deemed unripe. The district

court's reasoning in each case was identical: Because those challenging the respective regulations had not been denied an approval from the municipality, no immediate harm or injury had been worked, leaving the plaintiffs' theory of relief based on pure speculation. *Himes*, 772 F. Supp. at 680; *Coombs*, 578 F. Supp. at 1326.

The same is true here. Plaintiffs may disapprove of the Act, but the Complaint demonstrates no immediate injury, or threat of an injury, caused by the Towns—only the mere contingency that future action could impinge on their business interests. Compl. ¶¶ 8-9. *See Texas*, 523 U.S. at 300 (law allowing municipalities to establish buffer zone around abortion providers, but where no buffer zone had been demarcated, was not ripe for challenge); *City of Fall River*, 507 F.3d at 6-7 (a conditional approval for natural gas project was not ripe for challenge, as conditional approval may never become final); *McInnis-Misenor,* 319 F.3d at 72-73 (claim under the Americans with Disabilities Act was not ripe where plaintiff had not attempted to access allegedly noncompliant building). Such hypothetical injuries are, as a matter of law, unripe for adjudication.

**2. Plaintiffs will not suffer harm by dismissal of the Towns as party-defendants.**

When a case is deemed unfit for adjudication, this Court must decide whether its declination of the case will cause Plaintiffs to suffer "a direct and immediate harm, necessitating a decision on the merits." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 862 F. Supp. 709, 714 (D. R.I. 1994); *see also W.R. Grace & Co. v. United States*, 959 F.2d 360, 364 (1st Cir. 1992). A weak showing on the fitness prong necessitates an even stronger showing in this prong of the test. *See McInnis-Misenor*, 319 F.3d at 73. Likewise, a "wholly contingent harm" does not present any evidence of current hardship

sufficient to require adjudication. *Id.*; *W.R. Grace & Co.*, 959 F.2d at 364 (quoting *Lincoln House, Inc.*, 903 F.2d at 847) ("[P]erhaps the most important consideration in determining whether a claim is ripe for adjudication is the extent to which 'the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all.'").

The Complaint details the parade of alleged horribles that could follow the implementation of the Act. Compl. ¶¶ 8-9. Plaintiffs, however, do not allege that any of these injuries would be—or could be—caused by any action taken by the Towns. *Compare with, inter alia*, Compl. ¶¶ 79, 87, 88 (citing alleged harm to Plaintiffs caused by the actions of the State of Maine, but not by the Defendant-municipalities). Instead, these claimed harms remain purely hypothetical and illusory. Compl. ¶ 67. Without more, Plaintiffs have not put forth allegations sufficient to justify judicial review of their claims against the Towns at this point in time. Plaintiffs may pursue their declaratory judgment action against Defendant-State of Maine as relates to Plaintiffs' federal preemption and First Amendment claims without the necessity of the Towns as party-defendants. Plaintiffs have failed to identify any method by which the Towns have or could harm Plaintiffs' interests, and they have failed to show how this Court's dismissal of the Towns as party-defendants at this juncture would further injure Plaintiffs' position. *See W.R. Grace & Co.*, 903 F.2d at 364. As such, Plaintiffs' claims are unripe for adjudication.

## <u>CONCLUSION</u>

For all of the reasons set forth above, Defendants Town of Kittery and Town of West Bath respectfully request that the Court dismiss them as party-defendants for lack of subject matter jurisdiction over Plaintiffs' claims against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated at Portland, Maine this 4th day of October, 2019.

/s/ Sally J. Daggett
Sally J. Daggett
*sdaggett@jbgh.com*
Attorney for Defendants Town of Kittery and
    Town of West Bath

JENSEN BAIRD GARDNER & HENRY
Ten Free Street
P.O. Box 4510
Portland, ME  04112
(207) 775-7271

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Sally J. Daggett
Sally J. Daggett
*sdaggett@jbgh.com*
JENSEN BAIRD GARDNER & HENRY
Ten Free Street
P.O. Box 4510
Portland, ME 04112
(207) 775-7271

*Attorney for Defendants Town of Kittery and
   Town of West Bath*