

Melinda Kinney

## Joint Standing Committee on Energy, Utilities and Technology

## Testimony of Charter Communications

## LD832, An Act To Expand Options for Consumers of Cable Television in Purchasing Individual Channels and Programs

3/5/19

Chairman Lawrence, Chairman Berry, and members of the Energy, Utilities and Technology Committee, Charter Communications opposes LD832.

The FCC and Congress have preempted state regulation of cable pricing and programming to help remove barriers to investment in infrastructure by telecommunications providers in recognition of a vibrant, competitive telecommunications marketplace. Promoting innovation through a uniform and predictable regulatory scheme has been a goal of Congress and the FCC. No state has enacted a law mandating cable pricing or television lineups, and any state enacting such a law would face the strong likelihood of a lawsuit challenging the state law on the grounds of federal preemption.

In addition, the landscape of how programming is consumed by viewers has changed dramatically over the years, even since Rep. Evangelos submitted this very same bill in 2015. A few key points:

1. There have been many academic and government studies over the past few years which concluded that an a la carte model – a requirement to sell each channel separately – would result in higher costs and less diversity in programming for consumers;
2. This bill targets one multi-video service provider (cable companies) and fails to look at how programming is delivered via other providers/means - satellite (DISH, Direct TV), internet (Netflix, Hulu, Apple TV);
3. Does not take into account that there are contractual obligations that video providers have with the content providers (networks) that dictate how their programming is carried on these different media platforms.

In conclusion, based on the federal law preemption and the fact that the way consumers get their video content has dramatically changed with more options now than ever before, introducing a bill that targets one provider in a very competitive marketplace places an unfair disadvantage to an industry that invests heavily in Maine. We respectfully oppose LD832.

# REGULATION OF SERVICES, FACILITIES, AND EQUIPMENT

47.USC 544

"SEC.624. (a) Any franchising authority may not regulate the services, facilities, and equipment provided by a cable operator except to the extent consistent with this title.

"(b) In the case of any franchise granted after the effective date of this title, the franchising authority, to the extent related to the establishment or operation of a cable system –

"(1) in its request for proposals for a franchise (including requests for renewal proposals, subject to section 626), may establish requirements for facilities and equipment, but may not establish requirements for video programming or other information services; and

"(2) subject to section 625, may enforce any requirements contained within the franchise -
 "(A) for facilities and equipment; and
 "(B) for broad categories of video programming or other services.
"(c) In the case of any franchise in effect on the effective date of this title, the franchising authority may, subject to section 625, enforce requirements contained within the franchise for the provision of services, facilities, and equipment, whether or not related to the establishment or operation of a cable system.
"(d)(1) Nothing in this title shall be construed as prohibiting a franchising authority and a cable operator from specifying, in a franchise or renewal thereof, that certain cable services shall not be provided or shall be provided subject to conditions, if such cable services are obscene or are otherwise unprotected by the Constitution of the U. S..
"(2)(A) In order to restrict the viewing of programming which is obscene or indecent, upon the request of a subscriber, a cable operator shall provide (by sale or lease) a device by which the subscriber can prohibit viewing of a particular cable service during periods selected by that subscriber.
"(B) Subparagraph (A) shall take effect 180 days after the effective date of this title.
"(e) The Commission may establish technical standards relating to the facilities and equipment of cable systems which a franchising authority may require in the franchise.
"(f)(1) Any Federal agency, State, or franchising authority may not impose requirements regarding the provision or content of cable services, except as expressly provided in this title.
"(2) Paragraph (1) shall not apply to -
"(A) any rule, regulation, or order issued under any Federal law, as such rule, regulation, or order (i) was in effect on September 21, 1983, or (ii) may be amended after such date if the rule, regulation, or order as amended is not inconsistent with the express provisions of this title; and
"(B) any rule regulation, or order under title 17, U.S. Code.