**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC.; A&E TELEVISION NETWORKS, LLC; C-SPAN; CBS CORP.; DISCOVERY, INC.; DISNEY ENTERPRISES, INC.; FOX CABLE NETWORK SERVICES, LLC; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND SPORTS NETWORK, LP; and VIACOM INC., | Case No. 1:19-cv-00410-NT |

Plaintiffs,

v.

JANET MILLS, in her official capacity as the Governor of Maine; AARON FREY, in his official capacity as the Attorney General of Maine; the CITY OF BATH, MAINE: the TOWN OF BERWICK, MAINE; the TOWN OF BOWDOIN, MAINE; the TOWN OF BOWDOINHAM, MAINE; the TOWN OF BRUNSWICK, MAINE; the TOWN OF DURHAM, MAINE; the TOWN OF ELIOT, MAINE; the TOWN OF FREEPORT, MAINE; the TOWN OF HARPSWELL, MAINE; the TOWN OF KITTERY, MAINE; The TOWN OF PHIPPSBURG, MAINE; the TOWN OF SOUTH BERWICK, MAINE; the TOWN OF TOPSHAM, MAINE; the TOWN Of WEST BATH, MAINE: and the TOWN OF WOOLWICH, MAINE;

Defendants.

**MOTION TO DISMISS OF DEFENDANTS TOWN OF BRUNSWICK
AND TOWN OF WOOLWICH**

NOW COME Defendants the Town of Brunswick and the Town of Woolwich

(collectively, "the Towns"), by and through undersigned counsel, and move that the Court

1

dismiss the all claims against them in this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  In making this Motion, the Towns further incorporate and invoke the arguments set forth by each of the other Defendant Towns in seeking dismissal from this action.

Plaintiffs Comcast Cable Communications, et. al. allege the illegality of a recently enacted Maine statute, H.P. 606 / LD 832, which amends 30-A M.R.S. § 3008 to require that cable television providers offer customers the ability to purchase access to channels individually. This practice is known in the industry as "a la carte programming."  If cable providers do not comply with the a la carte mandate, municipalities may, through an existing provision in Section 3008, seek "injunctive relief in addition to any other remedies available by law." 30-A M.R.S. § 3008(3)(E).  Plaintiffs assert subject matter jurisdiction against the named municipal defendants on the grounds that, as beneficiaries of cable franchise agreements with the Plaintiffs, they have the authority to bring a claim against Plaintiffs for any violation of the new law.  As further set forth in this Motion, there is no case and controversy as against the Towns (nor against any of the other municipal defendants), because the Towns have neither asserted that Plaintiffs have violated Section 3008 nor threatened to bring any enforcement action pursuant to Section 3008.

Plaintiffs' claim is entirely focused on the legality of LD 832.  The Complaint does not allege that the Towns have adopted any local policies, practices or position statements indicating that they intend to enforce Section 3008 against Comcast (with whom each of the Towns has a newly adopted franchise agreement).  Having failed to allege any action on behalf of the Towns in furtherance of LD 832, Plaintiffs cannot establish subject matter jurisdiction pursuant to Section 1983.  The claims will not be ripe unless and until the Towns elect to pursue the enforcement authority pursuant to Section 3008.  Finally, the Towns do not need to be parties to

this action in order for the injunctive relief sought by Plaintiff to be effective.  If the Court

enjoins LD 832 from taking effect, the Towns would have no legal basis upon which to take any

enforcement action related to a la carte programming.  They also could not mandate any changes

to their current franchise agreements.  Simply put, the Towns should not have to answer to the

legality of LD 832, as they did not initiate the bill and do not have the ability to repeal it.

## I.   STANDARD OF REVIEW

When considering a motion to dismiss pursuant to F.R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted, a court must determine 'whether, construing the

well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint

sates a claim for which relief can be granted." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1,

7 (1st Cir. 2011).  The complaint must at minimum state a "plausible claim for relief."  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiffs have the burden to establish jurisdiction and standing.  *Spokeo, Inc. v.* Robins,

136 S. Ct. 1540, 1547.  Facts sufficient to establish both must be set forth in the complaint.  *Id.*

## II.   ARGUMENT

### 1.  Plaintiffs have failed to plead facts supporting their claim under Section 1983.

As stated above, the federal courts have consistently held that for a claim to be

cognizable under Section 1983, it must set forth facts showing an unconstitutional "policy

statement, ordinance, regulation or decision officially adopted and promulgated by" the local

governing body's officers. *Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir. 1999) (citing

*Monell v. Dep't. of Soc. Svcs.*, 436 U.S. 658, 691).  In this case, Plaintiffs challenge only the

constitutionality of a state statute, promulgated by the Maine Legislature.  They have alleged no

facts relating to any policy or practice initiated by the Towns, whether related to LD 832 specifically, or even generally on the issue of a la carte programming.

The fact that the Towns *might* choose to enforce Section 3008 at some point fails to establish subject matter jurisdiction pursuant to Section 1983. Such a claim is purely speculative, and speculative claims generally cannot confer jurisdiction upon the Court. To establish standing, "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *McInnes-Misenor v. Maine Medical Ctr.*, 211 F. Supp. 2d 256, 259 (D. Me. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Moreover, even if the Towns were currently seeking to enforce or enforcing Section 3008, that still would not be enough to confer jurisdiction upon them pursuant to Section 1983. Municipal enforcement of an allegedly unconstitutional statute does not allow for Section 1983 jurisdiction as against the municipality. *Wong v. City and County of Honolulu*, 333 F. Supp. 2d 942, 951 (D. Haw. 2004). In such a case, jurisdiction lies only against the state. While Plaintiffs could certainly allege the unconstitutionality of LD 832 in defense of a municipal suit brought under Section 3008, there is no jurisdiction to bring a direct claim against the Towns.

### 2. Plaintiffs' claim is not ripe for review.

Even if Plaintiffs could set forth a claim under Section 1983 based on the Towns' authority to enforce LD 832, the Court can have no jurisdiction as against the Towns unless and until the Towns assert that authority by threatening or filing an enforcement action. A claim is not ripe for review if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). "While the doctrine has a prudential flavor, a test for ripeness is also mandated by the constitutional

4

requirement that federal jurisdiction extends only to actual cases or controversies." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995).

At the present time, Plaintiffs' claim as against the Towns is not ripe.  Plaintiffs have failed to set forth facts showing that the Towns even care about whether Comcast offers a la carte programming to their residents, much less that there is a current policy, plan or intention to force the offering of such programming.  A plaintiff challenging the constitutionality of a statute must "allege an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and that "there exists a credible threat of prosecution thereunder."  *Babbitt v. United Farm Workers*, 442 U.S. 289, 298, 99 S.Ct. 2301 (1979).  It is not clear from the Complaint that Plaintiffs intend to violate LD 832, or that the Towns intend to enforce compliance with LD 832.  The Towns would have to assert their enforcement authority under LD 832 through a specific warning or through the filing of an enforcement action in order to effect any alleged deprivation of rights upon the Plaintiffs.  See *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000).

### III.    CONCLUSION

Plaintiffs have failed to meet their burden to establish standing as against the Towns.  There is no present case or controversy arising out of the Towns' statutory authority to demand compliance with LD 832.  Further, Plaintiffs cannot obtain the relief sought from the Towns, as they did not enact and cannot repeal the statute.  As such, the Towns must be dismissed from this

action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.


Dated:  October 7, 2019


TOWN OF BRUNSWICK
/s/ Stephen E.F. Langsdorf, Esq.

TOWN OF WOOLWICH
/s/ Kristin M. Collins, Esq.
Preti Flaherty Beliveau & Pachios LLP
45 Memorial Circle
Augusta, ME 04330
207.623.5300
slangsdorf@preti.com
kcollins@preti.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2019 I filed the above Motion to Dismiss with the

Clerk of Court using the CM/ECF system, which will send electronic notice of filing to each of

the parties.


TOWN OF BRUNSWICK
/s/ Stephen E.F. Langsdorf, Esq.

TOWN OF WOOLWICH
/s/ Kristin M. Collins, Esq.

Preti Flaherty Beliveau & Pachios LLP
45 Memorial Circle
Augusta, ME 04330
207.623.5300
slangsdorf@preti.com
kcollins@preti.com