IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC.; A&E TELEVISION NETWORKS, LLC; C-SPAN; CBS CORP.; DISCOVERY, INC.; DISNEY ENTERPRISES, INC.; FOX CABLE NETWORK SERVICES, LLC; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND SPORTS NETWORK, LP; and VIACOM INC.,<br><br>       Plaintiffs,<br><br>   v.<br><br>JANET MILLS, in her official capacity as the Governor of Maine; AARON FREY, in his official capacity as the Attorney General of Maine; the CITY OF BATH, MAINE; the TOWN OF BERWICK, MAINE; the TOWN OF BOWDOIN, MAINE; the TOWN OF BOWDOINHAM, MAINE; the TOWN OF BRUNSWICK, MAINE; the TOWN OF DURHAM, MAINE; the TOWN OF ELIOT, MAINE; the TOWN OF FREEPORT, MAINE; the TOWN OF HARPSWELL, MAINE; the TOWN OF KITTERY, MAINE; the TOWN OF PHIPPSBURG, MAINE; the TOWN OF SOUTH BERWICK, MAINE; the TOWN OF TOPSHAM, MAINE; the TOWN OF WEST BATH, MAINE; and the TOWN OF WOOLWICH, MAINE;<br><br>       Defendants. | Case No. 1:19-cv-00410-NT<br><br>**DEFENDANT TOWN OF BOWDOIN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)** |

<u>MOTION OF DEFENDANT TOWN OF BOWDOIN TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION AND
INCORPORATED MEMORANDUM OF LAW</u>

  The Defendant Town of Bowdoin (hereinafter "the Town") through its undersigned

counsel and pursuant to Fed. R. Civ. P. 12(b)(1) hereby respectfully moves to dismiss the

1

complaint against the Town for failure to state a justiciable claim pursuant to Article III of the Constitution of the United States. In support of this motion, the Town states the following:

The Town and Plaintiff Comcast of Maine/New Hampshire, Inc. (hereinafter "Comcast"), successor in interest to Susquehanna Communications, as franchisee, are parties to a cable television franchise agreement which was entered into on or about March 15, 2000. On September 6, 2019, Comcast, together with other providers of video programming (hereinafter "Plaintiffs"), filed suit against the Governor of the State of Maine and the Maine Attorney General (hereinafter "State"), the Town, and a number of other municipalities from the State of Maine. The Plaintiffs' complaint challenges the constitutionality of L.D. 832. L.D. 832 states that, "Notwithstanding any provision in a franchise, a cable system operator shall offer subscribers the option of purchasing access to cable channels, or programs on cable channels, individually." *Id*. The Plaintiffs' complaint states that L.D. 832 imposes an a la carte mandate on cable and video programming providers, which requirement is preempted by Federal law and infringes on the Plaintiffs' First Amendment Rights. Pl.'s Complaint at ¶¶1-5. The Plaintiffs' complaint is based on their contention that the L.D. 832, as enacted by the Legislature of the State of Maine, provides the Town the right to enforce L.D. 832. In fact, what the statute allows is for municipalities to pass ordinances in order to enforce the provisions of L.D. 832, pursuant to 30-A M.R.S. §3001.

Plaintiffs' claims fail to establish a justiciable controversy between the Plaintiffs and the Town based on L.D. 832. The justiciable controversy is established when the plaintiff can assert that the defendant has standing and that the claim, as to the particular defendant, is ripe for judicial review. *Reddy v. Foster*, 845 F.3d 493, 499-500 (1st. Cir. 2017). In the case at bar, the Plaintiffs' claims against the Town cannot satisfy this standard because the Town has not

adopted any ordinance that would allow them to enforce L.D. 832, and the Town has not enforced any of the new statute's mandates. *Reddy*, 845 F.3d. at 503. The Plaintiffs' alleged injuries are purely speculative and prospective. They are dependent on the Town's both passing an ordinance to allow it to enforce L.D. 832, and then to actually enforce L.D. 832. Neither of these prerequisites has occurred. For these same reasons, the actions brought by the Plaintiff against the Town are not ripe for adjudication.

## ARGUMENT

Article III of the United States Constitution restricts federal court jurisdiction to actual "cases and controversies". *Hines v. Johnson*, 772 F.Supp 678, 679 (D. Me. 1991). Prerequisites for justiciable controversy are that the plaintiff would have standing to bring an action against a defendant and that the claims before the court are ripe for judicial review. In this matter, Plaintiffs failed both of these tests.

The Plaintiffs assertions regarding the statute that the Town, could, theoretically, enforce do not provide a particularized or actual injury that has been or is currently realized by the Plaintiffs. Given that the Town has not taken any action which is a precondition to enforcement, nor has it tried to enforce this L.D. 832 in any fashion, establishes that there is no justiciable claim in this matter.

Similarly, the Plaintiffs cannot establish any causal connection between the injury that L.D. 832 may impose upon them and the action of the Town in this matter. L.D. 832 allows towns to pass an ordinance to enforce this statute but does not mandate that on any of the towns. In fact, the allowance by the state for the town's actions in this matter is already in place under Title 30-A M.R.S. §3001. The Town in this matter had no involvement in the creation of this statute, it has not requested nor has it taken any action to enforce the statute, and therefore

Plaintiffs have failed to establish any cause of action in this matter.

For the same reasons, the Town also objects to the Plaintiffs' Request for a Preliminary Injunction. Given there are no actions which have been taken by the Town which could be enjoined, the Motion for Preliminary Injunction by the Plaintiffs must also fail.

Finally, the Town is not a necessary party to this dispute. If the Plaintiffs were to prevail against the State and this court were to hold that L.D. 832 was preempted by Federal law and/or a violation of the First Amendment of the United States Constitution, the Town would have absolutely no ability to enforce any provision against the Plaintiffs. Plaintiffs can get complete relief simply by bringing their action against the State of Maine as opposed to involving a number of small municipalities in their dispute with the State. Rule 19 states that, "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties", or if a named party's claims some interest relating to the subject matter of the action or if the resolution of the claim in a party's absence would "impair or impede the person's ability to protect the interest" or expose an existing party to substantial risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19. As stated above, this court can afford complete declaratory and injunctive relief in this matter solely with the state of Maine as the named Defendant.

CONCLUSION

For the reasons stated above the Plaintiffs' complaint against the Town must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1) because a justiciable controversy does not exist between the Plaintiff and the Town, and therefore this court does not have subject matter jurisdiction to adjudicate the alleged dispute.

DATED: October 7, 2019 /s/ John W. Conway

                                                  John W. Conway, Esq., Bar No. 7051
                                                  Attorney for Defendant
                                                  Town of Bowdoin
                                                  LINNELL, CHOATE & WEBBER, LLP
                                                  83 Pleasant Street
                                                  P. O. Box 190
                                                  Auburn, ME 04212-0190
                                                  (207) 784-4563
                                                  jconway@lcwlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically filed the above Motion to Dismiss with the Clerk of Court using the CM-ECF system, which will send notification of such filings to all counsel of record.

/s/ John W. Conway
_____
John W. Conway, Esq., Bar No. 7051
Attorney for Defendant
Town of Bowdoin
LINNELL, CHOATE & WEBBER, LLP
83 Pleasant Street
P. O. Box 190
Auburn, ME 04212-0190
(207) 784-4563
jconway@lcwlaw.com