# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC.; A&E TELEVISION NETWORKS, LLC; C-SPAN; CBS CORP.; DISCOVERY, INC.; DISNEY ENTERPRISES, INC.; FOX CABLE NETWORK SERVICES, LLC; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND SPORTS NETWORK, LP; and VIACOM INC., <br><br> Plaintiffs, <br><br> v. <br><br> JANET MILLS, in her official capacity as the Governor of Maine; AARON FREY, in his official capacity as the Attorney General of Maine; the CITY OF BATH, MAINE; the TOWN OF BERWICK, MAINE; the TOWN OF BOWDOIN, MAINE; the TOWN OF BOWDOINHAM, MAINE; the TOWN OF BRUNSWICK, MAINE; the TOWN OF DURHAM, MAINE; the TOWN OF ELIOT, MAINE; the TOWN OF FREEPORT, MAINE; the TOWN OF HARPSWELL, MAINE; the TOWN OF KITTERY, MAINE; the TOWN OF PHIPPSBURG, MAINE; the TOWN OF SOUTH BERWICK, MAINE; the TOWN OF TOPSHAM, MAINE; the TOWN OF WEST BATH, MAINE; and the TOWN OF WOOLWICH, MAINE; <br><br> Defendants. | Case No. 1:19-cv-00410-NT <br><br><br> **DEFENDANT TOWN OF BOWDOIN'S OBJECTION TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION** |

NOW COMES the Defendant, Town of Bowdoin (hereinafter "Town"), by and through undersigned counsel, and hereby respectfully object to the Plaintiffs' Motion for Preliminary Injunction Enjoining the Enforcement of L.D. 832, "An Act to Expand Options for Consumers of

1

Cable Television in Purchasing Individual Channels and Programs" (L.D. 832), for the reasons stated herein.

## BACKGROUND

Plaintiffs' Complaint for Declaratory Judgment and Request for Preliminary Injunction are predicated on L.D. 832, and its enforcement. L.D. 832 is a Maine statute which was passed in the 2019 legislative session, and which mandates that any cable system operator must offer the option of purchasing access to cable channels individually. It does not on its face mandate any action by any municipalities in the State of Maine, though in its codified version it allows municipalities to enforce the provisions of L.D. 832.

## ARGUMENT

In order to prevail on their Motion for Preliminary Injunction the movant must show that (1) they are likely to succeed on the merits of their claim; (2) they will suffer irreparable harm during the pendency of litigation in the absence of any injunction; (3) the injunction would burden the state less than denying the injunction would burden the movants; and (4) granting the injunction is in the public interest. *Friends of Merrymeeting Bay v. U.S. Department of Commerce*, 810 F. Supp. 2nd 320. As the Plaintiffs are unable to meet the second prong of the requirement, this court does not need to entertain the other three requirements in this matter.

Irreparable Harm.

The Plaintiffs have not alleged any harm whatsoever which has been perpetrated by the municipalities in this matter. Their only allegation of harm is that, in the future, the municipalities which are defendants herein, might enact an ordinance which would then allow them, in their discretion, to enforce the provisions of L.D. 832. As courts have upheld, preliminary injunction is an extraordinary remedy never awarded as of right. *Phippsburg*

*Shellfish Conservation Commission v. U.S. Army Corps. of Engineers*, 800 F. Supp. 2nd 312 (D. Me. 2011).

Mere possibility of an injury is insufficient to justify an injunction. The party seeking preliminary injunction relief must demonstrate that irreparable injury is likely in the absence of an injunction. *Canadian Nat. Ry. Co. v. Montreal Maine and Atlantic Ry., Inc.* 786 F. Supp. 2nd 398 (D. Me. 2011).

In the case at bar the allegations make out only a very speculative claim that there could be some harm in the future perpetrated by the Defendant Town. They have not alleged any specific harm nor any allegation that it is likely that the harm will occur. Without a showing of any of these factors their claim for preliminary injunction must fail.

Because the Plaintiffs cannot demonstrate any harm whatsoever in regards to this matter as against the Town, their request for preliminary injunction must fail.

DATED: October 7, 2019                    /s/ John W. Conway

                                                             John W. Conway, Esq., Bar No. 7051
                                                             Attorney for Defendant
                                                             Town of Bowdoin
                                                             LINNELL, CHOATE & WEBBER, LLP
                                                             83 Pleasant Street
                                                             P. O. Box 190
                                                             Auburn, ME 04212-0190
                                                             (207) 784-4563
                                                             jconway@lcwlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically filed the above Motion to Dismiss with the Clerk of Court using the CM-ECF system, which will send notification of such filings to all counsel of record.

/s/ John W. Conway

_____

John W. Conway, Esq., Bar No. 7051
Attorney for Defendant
Town of Bowdoin
LINNELL, CHOATE & WEBBER, LLP
83 Pleasant Street
P. O. Box 190
Auburn, ME 04212-0190
(207) 784-4563
jconway@lcwlaw.com