# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MAINE

| | |
|---|---|
| COMCAST OF MAINE/NEW HAMPSHIRE, INC., *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>JANET MILLS, in Her Official Capacity as the Governor of the State of Maine, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO.: 1:19-cv-00410-NT |

## STATE DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Now come the defendants, Janet T. Mills, in her official capacity as the Governor of the State of Maine, and Aaron M. Frey, in his official capacity as the Attorney General of the State of Maine, and answer plaintiffs' Complaint as follows:

1. Defendants deny that L.D. 832 is preempted by federal law and foreclosed by the First Amendment and otherwise admit the allegations made in this paragraph.

2. Defendants deny the allegations made in this paragraph.

3. Defendants deny the allegations made in this paragraph.

4. Defendants deny the allegations made in the first, second, fourth and fifth sentences of this paragraph. Defendants admit the allegations made in the third sentence of this paragraph. With respect the sixth sentence, defendants admit that state acts that contravene validly adopted federal laws and policy determinations are sometimes preempted and have no force or effect, and otherwise deny the allegations made in this sentence.

5. Defendants admit that L.D. 832 applies only to cable operators and otherwise deny the allegations made in this paragraph.

6. Defendants deny the allegations made in the first, second, third, fourth, and ninth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

7. Defendants deny the allegations made this paragraph.

8. Defendants deny the allegations made in the third and fourth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

9. Defendants deny the allegations made in the seventh sentence of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

10. Defendants deny the allegations made this paragraph.

11. Defendants admit that this Court has subject matter jurisdiction.

12. Defendants admit that an actual controversy within the Court's jurisdiction exists and are otherwise without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

13. Defendants admit that venue is proper in this District, that the statute was passed by the Maine Legislature, and that it may be enforced by defendants. Defendants otherwise deny the allegations made in this paragraph.

14. Defendants admit the allegations made this paragraph.

15. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

16. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

17. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

18. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

19. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

20. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

21. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

22. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

23. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

24. Defendants admit the allegations made in this paragraph.

25. Defendants admit the allegations made in this paragraph.

26. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

27. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

28. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

29. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

30. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

31. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

32. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

33. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

34. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

35. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

36. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

37. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

38. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

39. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

40. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the final sentence of this paragraph and therefore deny them. Defendants otherwise admit the allegations made in this paragraph.

41. Defendants admit the allegations made in the first, third, and fifth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in remaining sentences of this paragraph and therefore deny them.

42. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

43. Defendants admit that cable operators offer various a la carte options, including premium channels such as HBO, pay-per-view sporting events, and a wealth of video-on-demand offerings such as movies and individual episodes of popular TV shows. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore deny them.

44. Defendants deny the allegations made in the second, third and fifth sentences in this paragraph. With respect to the fourth sentence, Defendants admit that Congress authorized state and local governments to enter into franchise agreements with cable operators to regulate the use of public-rights-of-way and otherwise deny the allegations made in this sentence. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

45. Defendants deny the allegations made in the third and fifth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

46. Defendants admit the allegations made in the first, third, and fourth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth

of the allegations made in the remaining sentences of this paragraph and therefore deny them.

47. Defendants are without information sufficient to form a belief as to the truth of the allegations made this paragraph and therefore deny them.

48. Defendants admit the allegations made in this paragraph.

49. Defendants admit the allegations made in the third sentence of this paragraph and deny the allegations made in the remaining sentences of this paragraph.

50. Defendants deny that states and franchising authorities are prohibited from imposing any programming-related requirements on cable operators unless such requirements are expressly provided in or authorized by Title VI and otherwise admit the allegations made in this paragraph.

51. Defendants deny that Section 636 "further confirms the primacy of federal law" and otherwise admit the allegations made in this paragraph.

52. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

53. Defendants admit the allegations made in the first two sentences of this paragraph and admit that Congress has never enacted an a la carte requirement. Defendants deny that a la carte requirements cause harm and deny that states are prohibited from imposing such requirements. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore deny them.

54. Defendants admit the allegations made in this paragraph.

55. Defendants admit the allegations made in this paragraph.

56. Defendants deny that the L.D. 832 "upends" programmers' alleged First Amendment-protected carriage arrangements. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore deny them.

57. Defendants deny the allegations made in the first sentence of this paragraph. With respect to the second sentence, defendants admit that these were two of the articulated purposes and otherwise deny the allegations made in this sentence.

58. Defendants deny the allegations made in the first sentence of this paragraph and admit the allegations made in the remaining sentences.

59. Defendants admit that FCC regulations may sometimes preempt state laws to the same extent as federal statutes and admit the allegations made in this second and third sentences of this paragraph. Defendants otherwise deny the allegations made in this paragraph.

60. Defendants admit the allegations made in the second and fifth sentences of this paragraph and admit that the Communications Act and FCC regulations to some extent mandate the presentation of programming via tiers. Defendants otherwise deny the allegations made in this paragraph.

61. Defendants admit the allegation made in the first sentence of this paragraph and deny the allegations made in the second sentence.

62. Defendants deny the allegations made in this paragraph.

63. Defendants deny the allegations made in the first, second, third and fifth sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made this paragraph and therefore deny them.

64. Defendants admit the allegations made in the third and fourth sentences of this paragraph and deny the allegations made in the remaining sentences.

65. Defendants deny the allegations made in the first sentence of this paragraph. Defendants admit the allegations made in the remaining sentences but note that the case did not implicate Section 624(f).

66. Defendants admit that the court held that for the same reasons that the City's actions violated the First Amendment, they violated Section 624(f) and otherwise deny the allegations made in this paragraph.

67. Defendants admit the allegations made in the second and fourth sentences of this paragraph and deny the allegations made in the remaining sentences.

68. Defendants deny the allegations made in this paragraph.

69. Defendants admit the allegations made in the second sentence and admit that the FCC has stated that the obligation to ensure that all cable subscribers receive all must-carry signals precludes the offering of such channels on an optional a la carte basis. Defendants otherwise deny the allegations made in this paragraph.

70. Defendants admit the allegations made in the first two sentences of this paragraph and deny the allegations made in the remaining sentences of this paragraph.

71. Defendants admit the allegations made in the second sentence of this paragraph and deny the allegations made in the remaining sentences of this paragraph.

72. Defendants deny the allegations made in the first, third and fourth sentences of this paragraph. With respect to the second sentence, defendants admit that these were two of Congress' goals but denies that these were all of Congress' goals.

73. Defendants deny the allegations made in the first sentence of this paragraph and admit the allegations made in the second sentence of this paragraph.

74. Defendants deny the allegations made in this paragraph.

75. Defendants admit that the Supreme Court has expressed skepticism over some laws that distinguish among different speakers and otherwise deny the allegations made in the first sentence of this paragraph. Defendants admit the allegations made in the second sentence of this paragraph.

76. Defendants deny the allegations made in the first, second, third, fourth, and sixth sentences of this paragraph. With respect to the fifth sentence, defendants are without information sufficient to form a belief as to the truth of the allegation that other distributors typically offer packages and tiers of video programming just as cable operators do and therefore deny it. Defendants otherwise admit the allegations made in the fifth sentence of this paragraph.

77. Defendants deny the allegations made in this paragraph.

78. Defendants deny the allegations made in this paragraph.

79. Defendants deny the allegations made in this paragraph.

80. Defendants deny the allegations made in this paragraph.

81. Defendants deny the allegations made in this paragraph.

82. Defendants deny the allegations made in this paragraph.

83. Defendants deny the allegations made in the first and last sentences of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

84. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

85. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

86. Defendants deny the allegations made in the first and last sentences of this paragraph and admit the allegations made in the remaining sentences.

87. Defendants deny the allegations made in this paragraph.

88. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the second and third sentences of this paragraph and therefore deny them. Defendants deny the allegations made in the remaining sentences of this paragraph.

89. Defendants deny the allegations made in this paragraph.

90. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

91. Defendants deny the allegations made in this paragraph.

92. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

93. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

94. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

95. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

96. Defendants deny the allegations made in the second sentence of this paragraph. Defendants are without information sufficient to form a belief as to the truth of the allegations made in the remaining sentences of this paragraph and therefore deny them.

97. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

98. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

99. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

100. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

101. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

102. Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

103. Defendants incorporate their responses to the allegations in paragraphs 1 through 102 as though set forth herein.

104. Defendants deny the allegations made in this paragraph.

105. Defendants deny the allegations made in this paragraph.

106. Defendants deny the allegations made in this paragraph.

107. Defendants deny the allegations made in this paragraph.

108. Defendants incorporate their responses to the allegations in paragraphs 1 through 107 as though set forth herein.

109. Defendants deny the allegations made in this paragraph.

110. Defendants deny the allegations made in this paragraph.

111. Defendants deny the allegations made in this paragraph.

112. Defendants deny the allegations made in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by sovereign immunity, including, but not limited to, the immunity provided by the Eleventh Amendment to the United States Constitution.

3. Plaintiffs lack standing.

4. This matter is not ripe or is otherwise not justiciable.

5. The Court should abstain from adjudicating plaintiffs' claims.

6. Defendants' conduct did not violate any clearly established statutory or constitutional right of which a reasonable official would have known, and defendants are thus entitled to qualified immunity.


Dated: November 12, 2019

AARON M. FREY

Attorney General

/s/ Christopher C. Taub
Christopher C. Taub, Asst. Atty. Gen.
Christopher.C.Taub@maine.gov
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145

# CERTIFICATE OF SERVICE

I hereby certify that on this, the 12th day of November, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| AMY K. TCHAO<br>atchao@dwmlaw.com | JOSHUA A. RANDLETT<br>jrandlett@rudmanwinchell.com |
| DAVID P. MURRAY<br>dmurray@willkie.com | JOSHUA A. TARDY<br>jtardy@rudmanwinchell.com |
| EBEN M. ALBERT<br>ealbert@bernsteinshur.com | KRISTIN M. COLLINS<br>kcollins@preti.com |
| ERIN LORRAINE DOZIER<br>edozier@nab.org | MATTHEW A. BRILL<br>matthew.brill@lw.com |
| JAMES S. BLACKBURN<br>james.blackburn@arnoldporter.com | MATTHEW T. MURCHISON<br>matthew.murchison@lw.com |
| JEFFREY T. PIAMPIANO<br>jpiampiano@dwmlaw.com | MELANIE A. MEDINA<br>mamedina@willkie.com |
| JESSICA L. MAHER<br>jmaher@mb-law.com | MICHAEL D. HURWITZ<br>mhurwitz@willkie.com |
| JESSICA L. SABA<br>jessica.saba@lw.com | MICHAEL H. HERMAN<br>michael.herman@lw.com |
| JOHN C. ULIN<br>john.ulin@arnoldporter.com | OSCAR RAMALLO<br>oscar.ramallo@arnoldporter.com |
| JOHN W. CONWAY<br>jconway@lcwlaw.com | PHILIP R. SAUCIER<br>psaucier@bernsteinshur.com |
| RICHARD H. GRIFFIN<br>richard.griffin@lw.com | ROGER R. THERRIAULT<br>rtherriault@tlawmaine.com |
| SALLY J. DAGGETT<br>sdaggett@jbgh.com | STEPHEN BLAKE KINNAIRD<br>stephenkinnaird@paulhastings.com |

| | |
|---|---|
| STEPHEN E. F. LANGSDORF<br>slangsdorf@preti.com | TIMOTHY C. WOODCOCK<br>twoodcock@eatonpeabody.com |
| WILLIAM KENNEDY<br>wkennedy@ddlaw.com | |

                                            /s/ Christopher C. Taub
                                            CHRISTOPHER C. TAUB
                                            Assistant Attorney General
                                            Six State House Station
                                            Augusta, Maine 04333-0006
                                            Tel. (207) 626-8800